OPINION
Defendant J. Harris Leshner, Administrator of the Estate of Augustus Cooper, Jr., appeals from an adverse judgment rendered after a trial to the bench. The judgment ordered the return of $18,000 earnest money to Plaintiff John M. McAdow and dismissed Leshner's counterclaim for specific performance or damages. Leshner also appeals from the overruling of his motion for summary judgment.
The facts are not disputed. The facts and procedural history are as follows:
 McAdow was the successful bidder at an estate auction and entered into a real estate purchase contract prepared by Leshner's agent wherein McAdow agreed to pay $180,000 for certain real estate located in South Charleston, a village in Clark County. McAdow deposited $18,000 with Leshner's agent. The contract contained three paragraphs that are critical to this controversy. The pertinent language of those paragraphs is as follows:
 3. DEED. Seller shall deliver to Purchaser a good and sufficient warranty deed with appropriate release of dower conveying a good and marketable title . . . If Seller's title is found to be defective, Seller shall remedy the defect within sixty (60) days, otherwise, at option of Purchaser the deposit shall be returned and this contract shall be null and void.
 6. POSSESSION. Possession shall be given subject to tenant's rights -0- days after delivery of deed. (TIME IS OF THE ESSENCE). . . .
 8. CLOSING. The closing date for delivery of the deed and payment of the balance of this purchase price shall be on or before Sept. 3, 1997, not to exceed 10 days thereafter. . . .
In the course of obtaining financing, a defect in Leshner's title was discovered: the whereabouts of a daughter of the decedent Augustus Cooper, Jr., Renee Cooper, were unknown, and Renee Cooper's interest in the real estate prevented Leshner from conveying a marketable title to McAdow. Leshner became aware of this title defect no later than September 2, 1997. To remove this defect, Leshner commenced a land sale proceeding in the Clark County Probate Court September 4, 1997. On September 5, counsel for McAdow wrote to Leshner stating, in part, as follows:
 I write to confirm the substance of our several telephone conferences regarding my client, John M. McAdow, and the real estate contract with the Estate of Augustus Cooper, Jr. Because of the title defect that was disclosed by my client's potential lender, the seller will be unable to fulfill its contractual obligations. Specifically, your attention is called to Paragraph #3, Line 17 — 22 of the August 2nd Real Estate Purchase Contract.
 Please take those steps necessary to have the $18,000.00 earnest money deposit returned to John M. McAdow by the realtor at its earliest convenience.
On October 6, 1997, McAdow sued Leshner and his agent for breach of contract seeking, inter alia, a return of the $18,000 earnest money. On November 10, 1997, the land sale proceeding in the probate court was completed, thus removing the title defect. On November 26, 1997, Leshner filed an answer to the complaint and a counterclaim for specific performance or damages. On May 12, 1998, McAdow filed a motion for summary judgment and on May 26, Leshner filed a memorandum contra McAdow's motion and his own motion for summary judgment. The trial court overruled both motions without comment May 28. The case was tried to the court February 11, 1999. The trial court concluded that the September 5, 1997, letter from McAdow's counsel to Leshner was not an anticipatory breach of contract by McAdow because, at that time, performance by Leshner within the time requirements of the contract would have been impossible. The trial court further concluded that the sixty day cure period commenced September 2, 1997, when Leshner was informed of the title defect. Because Leshner could not convey marketable title within sixty days of September 2, the trial court concluded that McAdow was entitled to rescind the contract and recover the earnest money. On appeal, Leshner advances two assignments of error, which we will address in reverse order.
 B. THE CONCLUSIONS OF LAW ENUMERATED IN THE TRIAL COURT'S ENTRY OF FEBRUARY 19, 1999 ARE CONTRARY TO LAW AND TO THE FACTS OF THIS CASE.
Leshner first contends that the trial court erred in determining that it was impossible for him to perform within sixty days of September 2, 1997, the date he learned of the title defect. Because the trial court erred in finding that performance would have been impossible within that period, the argument continues, the trial court also erred in finding that the September 5 letter was not a wrongful repudiation of the contract.
We disagree. Leshner argues that Renee Cooper could have shown up at any time within the sixty day cure period and agreed to the sale to McAdow. While true, we do not agree with Leshner that the court erred in determining that Leshner's performance within the sixty day cure period was impossible. As of September 5, 1997, the appearance of Renee Cooper out of the blue within the sixty day cure period was mere wishful thinking. Her whereabouts were unknown. Indeed, as of the time of trial, a land sale proceeding had been completed to remove the title defect because Renee Cooper had not appeared within the cure period. In our judgment, the trial court properly concluded that McAdow had not wrongfully repudiated the contract through his counsel's September 5 letter to Leshner because, as of that date, performance within the sixty day cure period, for all practical purposes, was impossible. See Gebbie v. Efros (1917), 95 O.S. 215, 221-22; Calamari Perillo, The Law of Contracts (2nd. Ed. 1977) § 11-30.
Leshner next contends that the trial court erred in determining that the contract was ambiguous as to when the sixty day cure period commenced and that, as to the cure date, time was of the essence.
Central to this controversy is whether the parties' contract provided that time was of the essence. Although the written findings of fact and conclusions of law do not mention whether time was of the essence, the trial court indicated in its remarks from the bench in ruling in favor of McAdow and against Leshner that time was of the essence. We believe this conclusion is correct. Paragraphs 3, 6, and 8 of the contract, set out above, should be read as part of a whole rather than in isolation from each other. Only paragraph 6 contains express "time is of the essence" terminology. Paragraph 6, however, relates only to when the buyer shall have possession vis-~-vis delivery to him of the deed, and in this case possession was to be given at the time the deed was delivered. Delivery of the deed was essential to McAdow's possession, and delivery was to be accomplished at the closing, which was to be on or before September 3, and no later than September 13. See paragraph 8. Paragraphs 6 and 8 are thus inextricably related, and the only reasonable interpretation is that the "time is of the essence language" is applicable to both. It would be indeed unusual if the parties had a greater sense of urgency about when possession would occur vis-~-vis delivery of the deed than about when the deed itself would be delivered.
Having concluded that time was of the essence, we turn to whether the trial court properly determined that the contract was ambiguous as to the commencement date of the cure period, and whether the trial court correctly determined that the commencement date was September 2. Paragraph 3 provides for the sixty day cure period, but does not provide for when the cure period begins. It is only clear that the defect must be discovered before the period begins. In that time was of the essence as to closing the sale, it follows that time was of the essence in curing the title defect. As such, the cure period should have been found to begin sooner rather than later, consistent with fairness to the parties. Here, the outside limit on closing the sale was September 13, 1997, subject only to a title defect that would prevent Leshner from conveying a marketable title. Hence, the cure period should have concluded as soon after September 13 as possible, consistent with fairness to the parties. In our judgment, the trial court properly determined that the cure period began September 2, 1997, when Leshner learned of the title defect.
Under this assignment, Leshner finally contends that the trial court erred in finding that he breached his contract by not performing within the "time requirements" of the contract. Essentially, Leshner argues that time was not of the essence as to any act to be performed by him, and that McAdow repudiated before any performance was required on his part by the contract.
We have previously said that the September 5, 1997, letter was not a wrongful repudiation. Although the trial court found time to be of the essence, it did state from the bench that Leshner had sixty days from September 2, 1997, to cure the defect and close the sale. It was Leshner's inability to close at the end of the cure period that prompted the court to determine that Leshner was in breach of contract and that McAdow was entitled to rescind and recover his earnest money. We find no error in this ruling.
The second assignment is overruled.
 A. THE TRIAL COURT ERRED BY NOT GRANTING DEFENDANT-APPELLANT'S MOTION FOR SUMMARY JUDGMENT.
McAdow moved for summary judgment on May 12, asserting facts virtually identical to those set forth above. Leshner moved for summary judgment May 26, 1998, stating he was "in complete accord regarding the facts as stated by McAdow." Leshner argued that he was entitled to specific performance because McAdow had wrongfully repudiated the contract before Leshner was required to perform. The trial court overruled both motions without comment.
On these same facts, the trial court determined that time was of the essence, and that Leshner was in breach of contract for not having cured the title defect within sixty days of September 2, 1997, and that thereafter McAdow was entitled to rescind the contract and recover his earnest money. We have approved those determinations. To prevail on a motion for summary judgment, the moving party must demonstrate that he is entitled to judgment as a matter of law. Welco Industries, Inc. v. Applied Cos. (1993),67 Ohio St.3d 344, 346. On the undisputed facts of this case, Leshner simply failed to demonstrate he was entitled to judgment of specific performance.
We agree with McAdow that Leshner's reliance on Wren Reese,Inc. v. Structural Concrete Products, Inc. (1975), 50 Ohio App.2d 168
is misplaced. Although Wren Reese correctly states the general rule that repudiation of a contract before the time for performance gives the adverse party the option to treat the entire contract as broken and to sue for breach of the contract, WrenReese does not address the situation presented here: repudiation prompted by the adverse party's inability to perform within the contractual time limit for performance. Under these circumstances, the general rule does not apply. Calamari Perillo, supra. Although we have concluded that the September 5, 1997, letter was not a wrongful repudiation of the contract before Leshner was required to perform, any doubt as to that conclusion is of mere academic concern because Leshner was also unable to perform within the cure period. There can be no doubt that McAdow was entitled to rescind and recover his earnest money at that point, which is what the trial court also determined after trial.
Leshner takes the trial court to task for stating that specific performance is not a seller's remedy, and McAdow appears to concede error, but such was at most harmless because Leshner was entitled to neither specific performance nor damages.
Although far afield of the assignment that summary judgment was improvidently denied, Leshner contends that at trial he demonstrated that, by the time of trial, he was capable of conveying marketable title. Suffice it to say that, time having been of the essence, Leshner's ability to perform materialized too late.
The assignment is overruled.
The judgment will be affirmed.
GRADY, P.J. and KOEHLER, J., concur.
Hon. RICHARD N. KOEHLER sitting by assignment of the Chief Justice of the Supreme Court of Ohio.